# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SERAFIN ROMERO SANCHEZ,
Petitioner,
v.
WARDEN ADELANTO ICE PROCESSING CENTER, et al.,
Respondents.

Case No. 5:26-cv-01123-MRA-SP

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**A# 246-777-374**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. The Court has also engaged in a de novo review of those portions of the Report to which petitioner has objected.

Petitioner challenges his current detention by immigration officials. (ECF No. 1.) On April 30, 2026, the Court denied Petitioner's motion for a temporary restraining order seeking his immediate release or, in the alternative, a bond hearing, after finding that Petitioner was unlikely to succeed on the merits of his claims at the time. (ECF No. 18.) The Report subsequently recommends that Respondents be ordered to provide Petitioner with a bond hearing within seven days at which Respondents bear the burden of proving

continued detention is warranted. (ECF No. 26.) Petitioner's objection to the Report does not merit a different result.

Petitioner objects that the appropriate remedy is immediate release rather than a bond hearing. (ECF No. 28 at 2-3.) The objection is not persuasive. As the Report recognized, habeas relief "is, at its core, an equitable remedy," and federal courts have "broad discretion in conditioning a judgment granting habeas relief." (ECF No. 26 at 14.) The Court agrees with the Report that three factors weigh against granting immediate release from immigration custody. (*Id.*) First, Petitioner's liberty interest is diminished because he previously failed to comply with the conditions of his release, by failing to check in to a Compliance Assistance Reporting Terminal kiosk as required due to his conviction for Threaten Crime with Intent to Terrorize in June 2024. (*Id.*; *see also* ECF No. 14-1 at 2.) Second, Petitioner already received a procedurally regular bond hearing on February 13, 2026, under *Rodriguez v. Holder*, 2013 WL 5229795 (C.D. Cal. Aug. 6, 2013), before an immigration judge who determined that Respondents had met their burden of showing by clear and convincing evidence that Petitioner posed both a flight risk and a danger to the community. (ECF No. 26 at 14; *see also* ECF No. 8-1 at 3-6.) Third, Petitioner will receive a *Rodriguez* bond hearing every 180 days, meaning he will receive another one in the near future. (ECF No. 26 at 14-15.) Given these factors, the Court finds that the most equitable resolution of this matter is a bond hearing at which Respondents must show by clear and convincing evidence that Petitioner poses a risk of flight or a danger to the community.

The Court accepts the findings and recommendation of the Magistrate Judge.

IT IS THEREFORE ORDERED that: (1) Judgment be entered granting the Petition in part; (2) respondents: shall provide petitioner Serafin Romero Sanchez (A # 246-777-374) with a new bond hearing within seven days of the date of this Order (unless a continuance of the hearing is granted at the request of petitioner), at which hearing petitioner shall be provided with counsel as a *Franco-Gonzalez* class member, and at

which respondents shall have the burden to prove, by clear and convincing evidence before a neutral decisionmaker, that petitioner presents a flight risk or a danger to the community; or shall release petitioner if no bond hearing is held within seven days (unless a continuance of the hearing is granted at the request of petitioner); and (3) respondents shall file a status report no later than ten court days from the date of this Order regarding their compliance with this Order.

Dated: August 14, 2026

HONORABLE MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE